```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF MISSISSIPPI
               NORTHERN DIVISION
```

SHUNTWON KEESHUN SIMMONS                                  PLAINTIFF

VS.                            CIVIL ACTION NO. 3:22cv466-TSL-RPM

TRANSFORCE, INC.                                          DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Transforce, Inc. for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff Shuntwon Keeshun Simmons has not responded to the motion, and the time for responding has passed.  The court, having considered defendant's motion and accompanying memorandum, concludes that plaintiff's complaint does not state a viable claim for relief and should be dismissed.

Background

Plaintiff, a light-skinned African American, is a CDL truck driver who began employment in October 2021 with Transforce, a temporary agency that places truckers with companies.  Transforce assigned plaintiff to work at XPO, a provider of less-than-truckload freight services, which assigned him to work at Nissan. Plaintiff alleges that he was harassed and bullied and treated unfairly during his time at XPO/Nissan by a supervisor and co-

1

workers to such an extent that he was ultimately forced to quit in March 2022 due to a hostile work environment and Transforce's failure or refusal to reassign him to another location, despite his complaints of unfair treatment.  He further alleges that during his employment, a dark-skinned African American employee of Transforce who was also assigned to Nissan was treated more favorably.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in July 2022 asserting discrimination based on color and retaliation.  After receiving a notice of right to sue, he filed the present action on August 11, 2022, proceeding pro se.  The complaint was itself completely devoid of any indication of the facts or legal basis for the lawsuit but included plaintiff's EEOC charge as an attachment, which indicated he was attempting to bring a Title VII action.  The court directed plaintiff to file an amended complaint to allege his best case.  Transforce now seeks judgment on the pleadings, contending that plaintiff's amended complaint, filed in response to the court's order, fails to state a claim upon which relief can be granted.

In his three-page handwritten amended complaint, plaintiff appears to be attempting to state Title VII claims for

2

discrimination based on his skin-color, including for disparate treatment and hostile work environment, and for retaliation. He has not stated any viable claim, however.

### Rule 12(c) Pleading Standard

Motions for judgment on the pleadings under Rule 12(c) and to dismiss for failure to state a claim under Rule 12(b)(6) are subject to the same standard. Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). The central issue on both motions is whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. Id. To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 672-73, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Hostile Work Environment/Constructive Discharge

In his amended complaint, plaintiff alleges that his supervisor at XPO/Nissan, Otis Davis, asked him to sign on to work for XPO/Nissan directly because XPO/Nissan "did not want any temp staff." He alleges that after he declined because XPO/Nissan refused his request for a raise, he was "bullied and mistreated" by Davis. He alleges, moreover, that after he "filed a complaint on Otis Davis," "the employees [he] was close with stopped talking to [him] due to the fact that [he] complained on Otis Davis… because they knew they might get punished for associating with [him]." He complained to Transforce about the hostile work environment he was experiencing, but it continued. He requested that Transforce transfer him to another company, but his request was ignored. He felt "neglected by Transforce," and states he feels that when he refused to sign on with Nissan, "they informed Transforce causing them to ignore me." He alleges that since he was denied placement at other jobs, and apparently due to the hostile work environment he was experiencing at XPO/Nissan, he had "no choice but to quit from this work location," which he did in March 2022.

"Hostile work environment is a specific discrimination claim under Title VII." Hudson v. Lincare, Inc., 58 F.4th 222, 229 (5th

4

Cir. 2023).  A hostile work environment exists when the "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment."  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) (internal citations and quotations omitted).  A hostile work environment claim is established when a plaintiff proves that he

> (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002).

Johnson v. PRIDE Indus., Inc., 7 F.4th 392, 399–400 (5th Cir. 2021).

    Plaintiff has not alleged sufficient facts to state a hostile work environment claim.  His allegations that he was bullied and harassed and treated unfairly are entirely conclusory; there are no facts to indicate what form the harassment or bullying took.  The complaint clearly does not contain any facts to show that he was subject to harassment that was "severe" or "pervasive."  See Ramsey, 286 F.3d at 268 ("For harassment on the basis of race to

5

affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (internal citations and quotations omitted). Furthermore, plaintiff plainly and explicitly attributes the harassment he experienced to his having turned down Otis Davis's job offer and then having complained about Davis's mistreatment.

The only allegation relating to harassment while at XPO/Nissan on account of his skin color is his statement that "[w]hile working at Nissan the employees joked on African American light skinned males at meetings making me uncomfortable." This allegation, without more, is clearly not sufficient to state a claim for a hostile work environment. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S. Ct. 2399, 2405, 91 L. Ed. 2d 49 (1986) (holding that mere utterance of offensive comment or remark, which hurts employee's feelings is not sufficient to affect the conditions of employment).[1]

---

1  Plaintiff asserts in his complaint:

> I feel because I am a light skin African American male I have not even the dark skinned African Americans on my side wherever I go. I am always sacrificed at work places for being the oddball. I am fed up with people and jobs treating me as if I do not matter.

By his allegation that he was ultimately forced to quit due to the harassment he was experiencing, plaintiff is claiming he was constructively discharged. "A constructive discharge occurs when the employer makes working conditions so intolerable that a reasonable employee would feel compelled to resign." McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007)(setting forth, inter alia, factors to be considered, including, "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (6) offers of early retirement that would make the employee worse off whether the offer were accepted or not."). "Constructive discharge requires a greater degree of harassment than that required by a hostile environment claim." Brown v. Kinney Shoe Corp., 237 F.3d

---

Plaintiff's belief or feeling that he is mistreated in other workplaces and wherever he goes because of his skin color, like any feeling or belief he may have that he was mistreated at XPO/Nissan because of his skin color, while unfortunate, is not a basis for a cause of action against Transforce See Grimes v. Texas Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996) (providing that employee's subjective belief that discrimination occurred is insufficient to sustain discrimination claim under Title VII).

556, 566 (5th Cir. 2001). As set forth above, plaintiff has failed to set forth factual allegations in the amended complaint which would support a hostile work environment claim. It follows that he has not pled sufficient facts to support a claim of constructive discharge. See Vallecillo v. U.S. Dep't of Hous. & Urb. Dev., 155 F. App'x 764, 768 (5th Cir. 2005) (concluding that district court properly dismissed constructive discharge claim where plaintiff failed to establish hostile work environment claim).

Disparate Treatment

Plaintiff has attempted to state a claim for disparate treatment based on his light skin color. See Cicalese v. Univ. of Texas Med. Branch, 924 F.3d 762, 766 (5th Cir. 2019) (quoting Pacheco v. Mineta, 448 F.3d 783, 787 (5th Cir. 2006)) ("'Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's ... color....'"). Specifically, he alleges that a dark-skinned African American Transforce employee who was also working at Nissan was treated more favorably in that (1) plaintiff got four points for tardiness or absences from work whereas the other employee, who was regularly late, was never in trouble for it until plaintiff spoke out about it; (2) plaintiff was told what to

8

wear, including being told to wear a safety vest, while the other employee was not, until plaintiff complained about it; and (3) plaintiff got "punished and humiliated all times" and the other employee did not.

To state a claim for discrimination based on disparate treatment, plaintiff must 'plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible.'" Okwo v. Houston Methodist the Woodlands, 2023 WL 1256576, at *2 (5th Cir. 2023) (quoting Chhim v. Univ. of Tex. at Austin, 836 F.3d 467, 470 (5th Cir. 2016)).  The two ultimate elements that plaintiff must plausibly plead to support a disparate treatment claim are "(1) an adverse employment action, (2) taken against plaintiff because of [his] protected status." Cicalese, 924 F.3d at 767 (internal quotations and citations omitted).  An "adverse employment action" consists of "'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating." Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014) (citations omitted). "'An employment action that does not affect job duties, compensation, or benefits is not an adverse employment action'." Id. (quoting Pegram v. Honeywell, Inc., 361 F.3d 272, 282 (5th Cir. 2004) (internal quotations omitted)).

Plaintiff's complaint does not allege any adverse employment action he allegedly experienced because of his skin color. The only arguable adverse employment action he claims is his forced resignation, i.e., constructive discharge. But nowhere in the complaint does plaintiff even arguably suggest that he felt forced to resign because a dark-skinned African American employee was being treated more favorably.[2] Rather, he clearly alleges that he felt he had "no choice but to quit" only because of the "bullying" and "harassment" and "mistreatment" he experienced, first by Otis Davis because he rejected Davis's job offer, and then by co-workers because he filed a complaint against Davis for harassing and mistreating him. As plaintiff has not alleged that he experienced an adverse employment action because of his skin color, his disparate treatment discrimination claim will be dismissed.

Retaliation

Title VII prohibits retaliation against an individual because he has "opposed any practice made an unlawful employment practice"

---

2   Even if he had made such a charge, the facts of his alleged disparate treatment plainly would not support a claim of constructive discharge. See Brown v. Kinney Shoe Corp., 237 F.3d 556, 566 (5th Cir. 2001)("Discrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge ….").

10

by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. See 42 U.S.C. § 2000e-3. To state an actionable retaliation claim, a plaintiff must allege that: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." McCoy, 492 F.3d at 556-57. Here, plaintiff alleges that he "complained on Otis Davis" to Transforce, and that he complained to Transforce "about the hostile work environment" and "about the unfair treatment," and, after his allegations of disparate treatment, he states, "I told Transforce and still was harassed by Nissan staff…." Significantly, however, nowhere in the complaint does he allege that he complained to Transforce that he was being harassed or treated unfairly because of his skin color. As the complaint does not set forth facts demonstrating that plaintiff participated in activity protected by Title VII, he has failed to state a claim upon which relief can be granted. See id.

Conclusion

Based on the foregoing, it is ordered that defendant Transforce's motion for judgment on the pleadings is granted.

11

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 23rd day of February, 2023.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE